IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **TOM GOODLET,** on behalf of himself, and all other plaintiffs similarly situated, known and unknown,<br><br>Plaintiff,<br><br>v.<br><br>**SCR MEDICAL TRANSPORTATION, INC.**<br><br>Defendant | **No.** 19-cv-<br><br>**District Judge**<br><br>Magistrate Judge<br><br>***JURY DEMAND*** |

## COMPLAINT

NOW COMES Plaintiff, **TOM GOODLET,** on behalf of himself and all other Plaintiffs similarly situated, by and through his attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON, and for his Complaint against Defendant, **SCR MEDICAL TRANSPORTATION, INC.,** states as follows:

I.  **NATURE OF ACTION**

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, (FLSA) the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.* (IMWL) and the Chicago Minimum Wage Ordinance (CMWO), § 1-24-10 of the Municipal Code of Chicago. Plaintiff also asserts that the IMWL and CMWO claims are subject to class treatment pursuant to Federal Rule of Civil Procedure 23.

II. **JURISDICTION AND VENUE**

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois statutory claim and municipal claim, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all

times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendant is or was engaged in business in this district.

**III.   THE PARTIES**

3.   Defendant, **SCR MEDICAL TRANSPORTATION, INC.,** is a company that serves as a contractor of para-transportation services for private and public entities, which maintains its primary place of business at 8835 S. Greenwood Ave. Chicago, IL 60619. Defendant **SCR MEDICAL TRANSPORTATION, INC.,** is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203. During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4.   Plaintiff, **TOM GOODLET** (hereinafter referred to as "the named Plaintiff"), is an employee driver who performs para-transit driving duties in the Chicagoland area for Defendant. The named Plaintiff was compensated at varying hourly rates of pay and at times, worked over 40 hours per week, including work that was not recorded or accounted for by Defendant's time keeping system (hereinafter referenced as "work off the clock").

5.   All other unnamed Plaintiffs, known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendant and were paid hourly and also performed work off the clock as described above. As employees performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

## IV. STATUTORY VIOLATIONS

### Collective Action Under The Fair Labor Standards Act

6. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of himself and other Plaintiffs similarly situated who have been damaged by Defendant's failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Illinois Minimum Wage Law

7. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiff herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

### Chicago Minimum Wage Ordinance

8. Pursuant to the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, Count V of this action is brought by named Plaintiffs to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count V. The claims asserted by Plaintiff herein under the CMWO are proper for certification under Federal Rule of Civil Procedure 23.

**V.     FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

9.      Plaintiff, at all times pertinent to the cause of action, was employed by Defendant, said employment being integral and indispensable to Defendant's business.

10.     During Plaintiff's employment, Defendant paid Plaintiff on an hourly basis.

11.     Plaintiff, and members of the Plaintiff class, were required to report to work in the morning and perform duties prior to clocking in, therefore performing work off the clock without pay all to the benefit of the Defendant.

12.     Plaintiff, and members of the Plaintiff class, were required to report to Defendant's main office prior to each shift to receive their vehicle assignment and the location of said vehicles in the lot, but were not permitted or able to clock in until reaching the assigned vehicle, as Defendant's time clocks were located inside the vehicles, such that these activities were not captured by Defendant's time keeping system and as such, was not included in the compensation paid to Plaintiff or members of the Plaintiff Class.

13.     Additionally, Plaintiff, and members of the Plaintiff class, were required to perform duties after their scheduled shifts, therefore performing work off the clock without pay all to the benefit of the Defendant.

14.     Plaintiff, and members of the Plaintiff class, were required to report to Defendant's main office after each shift to report to Defendant's corporate employees their clock-in and clock-out times, daily metrics and cash fares received. However, this required job duty occurred after Plaintiff, and members of the Plaintiff Class, parked their vehicles in the lot and clocked out via the time clock system located in the vehicle. Additionally, the time spent walking back to Defendant's main office to perform the above required tasks were not captured by Defendant's time keeping system and was not paid.

15. This work performed by Plaintiff, and members of the Plaintiff Class was work off the clock to the benefit of the employer without pay in violation of the requirements of the federal and state statutes herein relied upon.

16. Plaintiff, and members of the Plaintiff Class, on a regular basis worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half for all such hours pursuant to the requirements of the federal and state statutes herein relied upon.

17. Defendant has both in the past and presently, willfully employed members of the Plaintiff Class, including the named Plaintiff, requiring work to be performed during their lunch break without pay for that time.

18. During unpaid meal breaks, Plaintiff and members of the Plaintiff class at times performed work, again to the benefit of the employer, without pay for that time.

19. In some instances, the unpaid time described above should have been compensated at time and one-half the workers' regular hourly rate because if the unpaid time was properly treated as compensable, Plaintiff and other members of the Plaintiff Class would have been over 40 hours in particular workweeks. In other instances, the unpaid time should have compensated at the workers' regular hourly rates.

20. In a further attempt to circumvent the federal and state statutes relied upon herein, Defendant allowed cash collected by Plaintiff and members of the Plaintiff class to be retained by Plaintiff and members of the Plaintiff class and serve as an offset against wages owed, thereby decreasing the amount taxes paid by Defendant to the United States Treasury and depriving Plaintiff and members of the Plaintiff Class of contributions to Social Security, Medicare and Medicaid. These cash offsets were reflected in Plaintiff's paystubs.

21. The total number of hours worked by Plaintiff and members of the Plaintiff Class, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendant, in that Defendant recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516.

22. The claims brought herein by the named Plaintiff are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

23. The non-compliant practices as alleged herein were part of a variety of practices and policies implemented and maintained by Defendant and are common to a group or "class" of past and present employees. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-23. Paragraphs 1 through 23 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 23 of this Count I.

24. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq* the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-

half times the regular rate of pay for all hours worked in excess of forty (40) hours, in any week during the two (2) years preceding the filing of this action.

25. Defendant has at all times relevant hereto failed and refused to pay compensation to their employees, including the named Plaintiff herein, and all other Plaintiffs similarly situated, known and unknown, as described above.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the Fair Labor Standards Act; and,

(d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-25 Paragraphs 1 through 25 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 25 of Count II.

26. Defendant's actions as complained of above were done with Defendant's knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such

information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

27. Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) awarding Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(d) for such additional relief the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-27. Paragraphs 1 through 27 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 27 of Count III.

28. In denying the named Plaintiff and members of the Plaintiff Class compensation as described above, Defendant's acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and

guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

29. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

(b) awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(c) for such additional relief the Court deems appropriate under the circumstances.

### COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-29. Paragraphs 1 through 29 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 29 of this Count IV.

30. As described in the foregoing paragraphs, Defendant's compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

31. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

32. Defendant's failure to pay compensation as described above, has been willful and/or in bad faith.

33. Plaintiff seeks certification of the Illinois Minimum Wage Law violations alleged herein pursuant to Federal Rule of Civil Procedure 23.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendant's compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendant has remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendant to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

## COUNT V

### SUPPLEMENTAL MUNICIPAL CLAIM
### VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINANCE

1-33. Paragraphs 1 through 33 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 33 of this Count V.

34. The named Plaintiff, and members of the Plaintiff Class, were each an "employee" under the CMWO § 1-24-10 of the Municipal Code of Chicago and were not exempt from the overtime wage provisions of the CMWO § 1-24-050.

35. Defendant was an "employer" as defined in the CMWO § 1-24-10.

36. Under § 1-24-040, for all weeks during which the named Plaintiff and members of the Plaintiff Class worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

37. Defendant's failure and refusal to pay any wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of § 1-24-040.

38. Plaintiff seeks certification of the Chicago Minimum Wage Ordinance violations alleged herein pursuant to Federal Rule of Civil Procedure 23.

WHEREFORE, the named Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which the named Plaintiff and members of the Plaintiff Class worked in excess of forty (40) hours per week;

(b) Statutory interest damages in the amount of three times the amount of unpaid overtime;

(c). Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

(d) Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

*Electronically Filed 05/20/2019*

*s/John W. Billhorn*

_____
John William Billhorn

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 401
Chicago, IL 60604
(312) 853-1450

Attorney for Plaintiffs, and all other Plaintiffs similarly situated, known or unknown.