IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **TOM GOODLET AND ADRIENNE WILLIAMS,** on behalf of themselves, and all other plaintiffs similarly situated, known and unknown,<br><br>Plaintiffs,<br><br>v.<br><br>**SCR MEDICAL TRANSPORTATION, INC.**,<br><br>Defendant. | No. 19-cv-03389<br><br>**The Honorable Young B. Kim**<br>**U.S. Magistrate Judge** |

**PARTIES' JOINT MOTION FOR EXTENSION OF TIME TO MOVE FOR FINAL APPROVAL OF PARTIES' JOINT STIPULATION AND AGREEMENT TO SETTLE CLASS ACTION AND OTHER CLAIMS AND FOR APPROVAL OF CLASS CERTIFICATION**

NOW COME the Parties, by their counsel of record, and for their Joint Motion for Extension of Time to Move for Final Approval of the Parties' Joint Stipulation and Agreement to Settle Class Action and Other Claims and for Approval of Class Certification, and state as follows:

1. On March 24, 2022, following a settlement conference with this Court, the Parties agreed to a settlement in principle to resolve the case. Dkt. 129.

2. On May 2, 2022, the Parties consented to the full jurisdiction to the U.S. Magistrate Judge and this Honorable Court. Dkt. 134.

3. Also on May 2, 2022, the Parties moved for Preliminary Approval of their Joint Stipulation and Agreement to Settle Class Action and Other Claims and for Approval of Class Certification. Dkt. 136, 137.

4. On May 11, 2022, this Court and the Hon. Young B. Kim entered an order preliminarily approving the proposed class action settlement. Dkt. 140, 141.

5. As part of the preliminarily approved settlement, the designated Settlement Administrator (American Legal Claims Service of Florida, or "ALCS"), was ordered to effectuate

Notice of the settlement using the Notice and other forms approved by this Court. This Court required all claims forms to be "postmarked or returned" to ALCS by August 22, 2022. Dkt. 141.

6. This Court also required the Parties to move for final approval of the proposed class action settlement by September 20, 2022 in advance of a final fairness hearing on September 30, 2022. *Id*.

7. As part of the administration of the settlement and preparation for final approval, ALCS was required to "provide Settlement Class Counsel and Defendant's Counsel with a final report which includes the details regarding Settlement Notice Distribution, Claim Form return, monies claimed, status of Unclaimed Funds, among other things, by no later than September 6, 2022.". *Id*.

8. As part of administration of this settlement, ACLS provided a timely final report to the Parties.

9. On approximately September 16, 2022, the Parties received an updated Notice and Claims report from ALCS. This updated report came after the Parties already received ALCS's final report and declaration of due diligence, as required by the Court.

10. This updated report reflected a number of newly processed claim forms, postmarked on or before the August 22, 2022 deadline. Plaintiff's counsel, Mr. Engelson, inquired with ALCS regarding the updated figures. One of the case managers for ALCS noted that they received additional returned claim forms, some of which were postmarked on or before the deadline, and some postmarked after that were designated as "late".

11. Plaintiffs' counsel further inquired with ALCS about the continued receipt of claim forms, asking ALCS in their experience as a Settlement Administrator, how much longer claim forms can be expected to trickle in based on the size of the noticed class (about 3,000). ALCS suggested that the Parties allow another week to track still-arriving claim forms before the number of claims and financial figures are finalized.

12. The Parties believe that it is of utmost importance to provide the Court with a complete, accurate and final accounting of the class action claims process before seeking final approval. Should final approval be granted while claim forms are received but before they are properly evaluated, processed and potentially discussed between counsel for the Parties, a risk of timely claim forms being left out of the settlement would be present, causing prejudice to certain putative class members. The Parties want to avoid any issues pertaining to claim forms that are still being received and processed by ALCS.

13. The Parties have conferred about the most equitable way to resolve the situation. The Parties believe that a brief extension of time to move for final approval of this class action settlement would give the Parties and ALCS sufficient time to review all claim forms, including those still arriving to ALCS, and determine whether those claim forms should be included in the final tally and accounting of the Class Fund.

14. The Parties recognize that an extension of time to move for final approval of this class action settlement will impact the final fairness hearing, set for September 30, 2022, as stated on the Notice form approved by this Court and distributed by ALCS. The Parties recognize that the scheduling of the final fairness hearing at the time of preliminary approval was important so that any potential objections or others impacted by this settlement could attend the hearing and possibly make statements on the record concerning the settlement.

15. In order to provide the Parties the ability to continue their legitimate efforts regarding final accounting of this settlement while avoiding prejudice to any persons that may intend on attending the September 30, 2022 final fairness hearing, the Parties propose (if the Court is amenable) converting the September 30, 2022 hearing to a status hearing regarding the Parties' progress on final accounting and approval of the settlement. By keeping the September 30, 2022 hearing on the docket, as stated in the Notice to class members, any party that may have made

plans to attend or participate in the hearing on that date may still do so and can be advised during the hearing of the new date for the final fairness hearing.

16. The Parties request an extension to and including October 4, 2022 to move for final approval of this settlement. At that time, the Parties will have had the benefit of a modest amount of additional time to ensure a comprehensive, accurate and complete accounting of the settlement and Class Fund for the Court's consideration at final approval. In conjunction with the requested extension, the Parties propose that the final fairness hearing be reset to October 11, 2022, or otherwise at the Court's convenience, while the September 30, 2022 hearing remain as scheduled as a status hearing.

WHEREFORE, the Parties respectfully request that this Court grant their Joint Motion for Extension of Time to Move for Final Approval of the Parties' Joint Stipulation and Agreement to Settle Class Action and Other Claims and for Approval of Class Certification, including:

a) Providing the Parties until October 4, 2022 to move for final approval of class action settlement;

b) Resetting the final fairness hearing to October 11, 2022, or another date at the Court's discretion and convenience;

c) Converting the September 30, 2022 hearing to a status hearing whereby the Parties will report on their progress toward final approval and efforts with ALCS to finalize the accounting and administration of the settlement; and

d) For any other relief the Court deems necessary under the circumstances.

Respectfully Submitted,

*Electronically Served 09/20/2022*

By: s/ John W. Billhorn

John W. Billhorn
Samuel D. Engelson
BILLHORN LAW FIRM

4

53 West Jackson Blvd., Suite 1137
Chicago, Illinois 60604
(312) 853-1450

*Attorneys for Plaintiffs, and all other Plaintiffs similarly situated, known and unknown*

By: s/ Jeffrey L. Rudd

Jeffrey L. Rudd
Sean C. Herring
JACKSON LEWIS P.C.
150 North Michigan Ave., Suite 2500
Chicago, Illinois 60607
(312) 803-4949

*Attorneys for Defendant*